**Julia Ann BOSS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–88–188–CR.**

Court of Appeals of Texas, Austin.

Oct. 11, 1989.

Jane Matyastik Vorwerk, Taylor, for appellant.

Billy Ray Stubblefield, County Atty., Edward P. Link, Asst. County Atty., Georgetown, for appellee.

Before POWERS, CARROLL and ABOUSSIE, JJ.

PER CURIAM.

Julia Ann Boss appeals her conviction by a jury of driving while intoxicated, first offense. Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1 (Supp.1989). The jury assessed punishment at incarceration for sixty days and a fine of $1,500, probated. We will sustain the first three points of error, reverse the conviction, and remand for a new trial. Because of our disposition of the first three points of error, we do not reach the remaining points of error.

At approximately 12:25 a.m. on August 31, 1987, appellant made a left turn at an intersection without signalling, causing Officer Michael Bourland, who was traveling in the opposite direction, to narrowly miss colliding with her. Bourland stopped appellant and asked her to step out of her vehicle. He testified that appellant's eyes were bloodshot and watery and that she had "a kind of blank stare." He also testified that she was unsteady on her feet and had trouble maintaining her balance. He also smelled the strong odor of alcohol on her breath. Suspecting that she was intoxicated, he asked her to perform some field sobriety tests, her performance of which confirmed his belief that she was "badly intoxicated."

Bourland placed appellant under arrest and took her to the Williamson County Sheriff's office for an intoxilyzer test. However, appellant was asthmatic and un-

able to project sufficient breath volume long enough to satisfy the slope indicator on the instrument, so the test could not be completed and a final result print-out obtained. Although Bourland testified that a valid test result was not obtained, he was permitted, over appellant's objection, to testify that during the attempted test, a digital indicator preliminarily registered the alcohol content of appellant's breath at as high as .25. He also testified, over objection, that a reading of .25 was two and one half times the legal level of intoxication and that a reading of that level was consistent with his conclusion that appellant was intoxicated.

Appellant's first three points of error complain of the admission of Bourland's testimony concerning the invalid intoxilyzer test. It was undisputed that the intoxylizer test was not done in accordance with the rules of the Department of Public Safety and a valid result was thus not obtained. Tex.Rev.Civ.Stat.Ann. art. 6701*l*-5, § 3(b) (Supp.1989). By permitting Bourland to testify to the preliminary reading, the trial court erroneously admitted an invalid test result. Further, this testimony had the effect of encouraging the jury to speculate that had a valid test been administered, appellant would have failed it. *See Graham v. State*, 710 S.W.2d 588 (Tex.Cr. App.1986). The error was aggravated when, during argument, the prosecutor cited the preliminary reading as further evidence of intoxication.

Although there was other evidence of appellant's intoxication, given the repeated testimony about the preliminary readout, we cannot say beyond a reasonable doubt that the admission of this evidence made no contribution to the conviction. Tex.R.App. P.Ann. 81(b)(2) (Pamph.1989); *Graham v. State, supra.* The first three points of error are sustained, the judgment of conviction is reversed, and the cause is remanded for a new trial.